

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO HERRERA, AKA Roberto Torres Herrera,<br><br>             Plaintiff - Appellant,<br><br>  v.<br><br>H. NGUYEN,<br><br>             Defendant - Appellee. | No. 13-16358<br><br>D.C. No. 1:12-cv-01915-GSA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted April 7, 2014[***]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

California state prisoner Roberto Herrera, AKA Roberto Torres Herrera,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Herrera consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Herrera's action because Herrera failed to allege facts sufficient to show that defendant was deliberately indifferent to his chronic pain. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (to demonstrate deliberate indifference, the prisoner must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and "harm caused by the indifference"); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("[M]edical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

13-16358

The district court did not abuse its discretion by denying Herrera's motion for appointment of counsel because Herrera failed to demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and explaining "exceptional circumstances" requirement).

**AFFIRMED.**